UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
In re: SAMUEL EHRENFELD                 **CHAPTER 7**
                 Debtor.                      Case No. 19-10290-mkv

------------------------------------------------------------------X
THE LAWYERS' FUND FOR CLIENT PROTECTION
OF THE STATE OF NEW YORK,

                 Plaintiff,              Adv Pro No.

    -against-

SAMUEL EHRENFELD

                 Defendant.
------------------------------------------------------------------X

**COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT**

Plaintiff, by its attorney, Letitia James, Attorney General of the State of New York, alleges for its complaint as follows:

1. This is an adversary proceeding objecting to the dischargeability of a debt pursuant to 11 U.S.C. § 523 and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§ 157 and 1334, and 11 U.S.C. § 523. Plaintiff, The Lawyers' Fund for Client Protection of the State of New York ("The Lawyers' Fund"), is a creditor with its principal office at 119 Washington Avenue, Albany, New York 12210.

3. The Lawyers' Fund is an agency of the State of New York, established by Chapter 714 of the laws of 1981 (State Finance Law § 97-t) and administered by a Board of Trustees appointed by the New York State Court of Appeals. The statutory purpose of The

Lawyers' Fund is to reimburse losses caused by the dishonest conduct of attorneys admitted to practice in the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION,
PLAINTIFF ALLEGES AS FOLLOWS:**

4. On or about January 31, 2019, Defendant, Samuel Ehrenfeld, filed a petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

5. Defendant converted money belonging to his law client, Congregation Talmidei Luboml Libviner (the "Congregation"), for his own use.

6. Defendant pled guilty to this theft in New York County Supreme Court on April 19, 2017.

7. The funds were being held in escrow by Defendant for the Congregation and were taken by Defendant without the Congregations's authorization or consent.

8. The Lawyers' Fund has reimbursed this loss in the total amount of $400,000 resulting from defendant's conversion of the Congregation's money.

9. Pursuant to Judiciary Law § 468-b, the Board of Trustees of the Fund may, among other things, determine the merits of the claims presented for reimbursement, and the terms under which reimbursement shall be made.

10. In consideration of a claimant's receipt of an award of reimbursement from the Plaintiff, each claimant is required to execute a document subrogating and transferring to the Plaintiff all claims, demands, and causes of action as such claimant may have against the attorney and any other entity whose conduct resulted in the claim award, and appointing Plaintiff its attorney in fact to pursue and collect in the claimant's name or otherwise, all or any part of

such claims, demands, and causes of action. The Congregation executed a reimbursement agreement and assignment of judgment in favor of Plaintiff in the sum of $400,000.

11. Defendant has not made any payments to the Lawyers' Fund. The debt of $400,000 remains outstanding to the Plaintiff.

12. The aforesaid debt represents money obtained by Defendant through false pretenses, false representations, or actual fraud.

13. As a result of the foregoing, the debt owed to Plaintiff is not dischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(2)(A).

**AS AND FOR A SECOND CAUSE OF ACTION,
<u>PLAINTIFF ALLEGES AS FOLLOWS</u>:**

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "14" as if fully set forth herein.

15. The aforesaid debt and Defendant's liability on Plaintiff's claim arises from fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

16. As a result of the foregoing, the debt owed to Plaintiff is not dischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(4).

**AS AND FOR A THIRD CAUSE OF ACTION,
<u>PLAINTIFF ALLEGES AS FOLLOWS</u>:**

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "17" as if fully set forth herein.

18. Defendant's willful and malicious conversion of the Congregation's escrow funds constitutes willful and malicious injury under 11 U.S.C. § 523(a)(6).

19. As a result of the foregoing, the debt owed to Plaintiff is not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff prays that the Court determine the Defendant's debt to Plaintiff to be non-dischargeable under 11 U.S.C. § 523 (a)(2)(A), § 523(a)(4) and §523(a)(6) and for such other and further relief the Court deems just and proper.

Dated: May 3, 2019
       Albany, New York

                                  **LETITIA JAMES**
                                  Attorney General of the State of New York

By:   /s/Norman P. Fivel
       Norman P. Fivel
       Assistant Attorney General
       State of New York
       Office of the Attorney General
       Civil Recoveries Bureau – Bankruptcy Litigation Unit
       The Capitol
       Albany, New York 12224-0341
       Tel: (518) 776-2264
       Facsimile: (518) 650-9368
       Email: norman.fivel@ag.ny.gov