UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| In re:   SAMUEL EHRENFELD, | Chapter 7 |
| | Case No. 19-10290 (MKV) |
| Debtor. | |

---------------------------------------------------------------X

| | |
|---|---|
| THE LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK | Adv. Pro. No. 19-01128 (MKV) |
| Plaintiff, | |
| -against- | |
| SAMUEL EHRENFELD, | |
| Defendant. | |

---------------------------------------------------------------X

## ANSWER

Defendant Samuel Ehrenfeld ("Defendant"), by his undersigned counsel, hereby submits this Answer to the Complaint (the "Complaint") filed by Plaintiff, The Lawyers' Fund for Client Protection of the State of New York ("Plaintiff"), in the above-captioned adversary proceeding, and submits as follows:

1.    Defendant admits that Plaintiff submits that this is an adversary proceeding objecting the dischargeability of debt, and Defendant otherwise submits that the allegations contained in Paragraph 1 of the Complaint are conclusions of law for which no answer is given or required. To the extent that an affirmative response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant submits that the allegations contained in Paragraph 2 of the Complaint are conclusions of law for which no answer is given or required. To the extent that an affirmative response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that funds were held by Defendant for the Congregation and were used to pay his legal fees without the Congregation's express authorization or consent, and Defendant otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant submits that the allegations contained in Paragraph 9 of the Complaint are conclusions of law for which no answer is given or required. To the extent that an affirmative response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that while he indeed made restitution payments, he did not make any payments to the Plaintiff. Defendant otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

14. Defendant answers and incorporates Paragraphs 1 through 13 as set forth above.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

17. Defendant answers and incorporates Paragraphs 1 through 16 as set forth above.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

20. Without assuming any burden of proof or persuasion that properly lies with the Plaintiff, Defendant incorporates by reference each of the foregoing Paragraphs 1-19, as if set forth again in full, and assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

21. The relief requested by Plaintiff should be denied pursuant to 22 NYCRR §7200.8(a)(6), as Defendant was neither suspended nor removed from the practice of law, but rather voluntarily resigned.

### SECOND AFFIRMATIVE DEFENSE

22. The relief requested by Plaintiff should be denied, in whole or in part, on account of setoffs.

### THIRD AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

24. The relief requested by Plaintiff should be denied as Defendant provided substantial legal services to the client in the engagement at issue in the Complaint (the "Client"), for which Defendant was not compensated.

## FIFTH AFFIRMATIVE DEFENSE

25. The relief requested by Plaintiff should be denied, in whole or in part, as the amount paid by Plaintiff to Client represented an amount well in excess of what Client was otherwise entitled to.

## Prayer

WHEREFORE, Defendant prays that judgment be entered in Defendant's favor and against Plaintiff, and that the Court grant Defendant such other and further relief as it deems just and proper.

Dated: New York, New York
July 17, 2019

WHITE & WOLNERMAN, PLLC

By: /s/ David Y. Wolnerman
David Y. Wolnerman, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
Phone: (212) 308-0667

*Attorneys for Defendant*