UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | : Case No. 19-10290 (LGB) |
| | : |
| SAMUEL EHRENFELD, | : Chapter 7 |
| | : |
| | : |
| Debtor. | : |

------------------------------------------------------------x

| | |
|---|---|
| THE LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, | : |
| | : |
| Plaintiff, | : |
| | : Adv. Pro. No. 19-01128 (LGB) |
| v. | : |
| | : |
| SAMUEL EHRENFELD, | : |
| | : |
| Defendant. | : |

------------------------------------------------------------x

## **OPINION & ORDER**

**APPEARANCES**

OFFICE OF THE ATTORNEY GENERAL
*Counsel for The Lawyers' Fund for Client Protection of the State of New York*
The Capitol
Albany, NY 12224
By:   Letitia James, Esq.
       Norman P. Fivel, Esq.
       Richard L. Rodgers, Esq.
       Kenneth Lee Gellhaus, I, Esq.

1

WHITE & WOLNERMAN, PLLC
*Counsel for Samuel Ehrenfeld*
950 Third Avenue, 11th Floor
New York, NY 10022
By:     David Y. Wolnerman, Esq.
        Randolph E. White, Esq.

**HON. LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Decision Regarding Motion for Summary Judgment

The Lawyers' Fund for Client Protection of the State of New York (the "Plaintiff") filed a complaint against debtor Samuel Ehrenfeld (the "Defendant") seeking non-dischargeability of debt [ECF No. 1] (the "Complaint") on May 3, 2019. The Defendant filed their answer [ECF No. 5] (the "Answer") on July 17, 2019.

Plaintiff filed a motion for summary judgment on December 4, 2019 (the "Motion") [ECF No. 12], as well as an accompanying Statement of Material Facts under Local Bankruptcy Rule 7056-1(b) [ECF No. 13]. In support of the Motion, Plaintiff also filed the affidavit of Michael J. Knight [ECF No. 14] (the "Knight Affidavit") and their memorandum of law (the "Plaintiff's Memorandum") [ECF No. 15].

Defendant filed their memorandum of law and declaration in opposition to the Motion (the "Defendant's Memorandum") [ECF No. 19 & 20] and a Counter-Statement of Material Facts [ECF No. 21] on January 6, 2020.

Plaintiff subsequently filed a reply in support of the Motion (the "Reply") [ECF No. 22] on January 21, 2020.

2

Summary Judgment Standard

Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure, states summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the burden of establishing that no genuine issue of material fact exists" and that the undisputed facts entitle the movant to judgment as a matter of law. *See Morales v. Holder*, 351 F. App'x 554, 555 (2d Cir. 2009) (*quoting Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1060-61 (2d Cir. 1995)).

If the moving party satisfies this burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). If, however, "the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). In determining whether a genuine issue of fact exists, the court must draw all factual inferences in the light most favorable to the nonmoving party. *Rodriguez*, 72 F.2d at 1061 (citations and internal quotation marks omitted). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Id.* (citing *Brady v. Town of Colchester,* 863 F.2d 205, 210-11 (2d Cir.1988)). In reviewing the available evidence, the court cannot "weigh the evidence, assess the credibility of witnesses, or resolve issues of fact." *Id.* (citations omitted).

3

Summary Judgment Motion

Plaintiff sought summary judgment under sections 523(a)(4) and 523(a)(6) of the United States Bankruptcy Code (the "Bankruptcy Code") concerning the non-dischargeability of a $400,000 payment that Plaintiff made to the Talmidei Luboml Libviner Congregation (the "Congregation"). *See* Motion, ¶ 1. This payment represented a reimbursement under a reimbursement agreement (the "Agreement") between Plaintiff and the Congregation made on October 20, 2017. In the Agreement, the Congregation assigned and subrogated its rights, claims, and causes of action against Defendant to Plaintiff for losses caused by Defendant as former counsel to the Synagogue. *See* Knight Affidavit, Exhibit H.

Plaintiff invoked the doctrine of collateral estoppel to support its section 523(a)(4) claim. *See* Motion, ¶ 30. Specifically, the Plaintiff relied on the Defendant's guilty plea to two counts of second-degree larceny under New York Penal Code section 155.40(1) on January 22, 2017,[1] as section 523(a)(4) states that "[a] discharge under section[s] 727 . . . does not discharge any individual debtor from any debt- . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." *Id.*

The Court notes that the only evidence it has concerning the criminal proceeding is the indictment (Exhibit D to the Motion), the certificate of disposition indictment (Exhibit E to the Motion), and an unsigned copy of the restitution order (Exhibit I to the Reply). It does not have the actual plea agreement or any other document signed by Defendant concerning his conviction for larceny. The Court has a copy of the Affidavit of Resignation (the "Resignation Affidavit")

---

[1] "[A] person is guilty of larceny when 'with intent to deprive another of property…he wrongfully takes, obtains or withholds such property from an owner thereof.'" New York Penal Code Section 155.05(1).

4

signed by the Defendant on April 20, 2015 (Exhibit B to the Motion) when he sought to resign as a member of the bar of the State of New York.

Defendant did not dispute that the "guilty plea has collateral estoppel effect" but opposed summary judgment based on a limited state court record. Def.'s Mem., at 4. New York Penal Code section 155.40(1) states that "[a] person is guilty of grand larceny in the second degree when he steals property and when: (1) The value of the property exceeds fifty thousand dollars." Defendant argued that because the state court did not opine on the value of the misappropriated escrow funds but only determined that the property's value exceeded $50,000, the Court must limit any summary judgment ruling regarding non-dischargeability to $50,001. *Id.* at 5.

Defendant further argued that various material issues of fact exist, including (i) the authorization needed, if any, for the Defendant to disburse funds from the escrow account; (ii) his belief that Rabbi Label Katz, the Congregation and Yeshiva Chasdei Torah "were all the same for all practical purposes;" (iii) the veracity of certain invoices that the Defendant claims he issued to his clients; (iv) the propriety of certain payments Plaintiff made to the Congregation; and (v) whether the Defendant has setoff claims against the debt for restitution*. Id.* at 2, 4, 5-6.

Plaintiff responded to certain portions of the Defendant's arguments in the Reply. Plaintiff argued that the Resignation Affidavit included an admission by Defendant that he withdrew approximately $480,000 without his client's knowledge and authorization. Reply ¶ 3. Defendant acknowledged that he improperly took the money. *Id.* Plaintiff also attached the restitution order to the Reply, demonstrating that only $25,000 of the restitution was paid to the attorney for Yeshiva Chasdei Torah, not $100,000 as alleged by Defendant. *Id.*, Exhibit I. Accordingly, the total loss was reduced to $454,956.74 by the restitution which exceeds the $400,000 paid by Plaintiff to the Congregation. *Id.* Thus, Plaintiff argued that the setoff of the restitution against the amount paid

5

by Plaintiff is inappropriate. *Id.* ¶ 6. Furthermore, Plaintiff stated that the reimbursement made to the Congregation was due to Defendant's "dishonest conduct," as defined under NYCRR 7200.8 (c)." *Id.* ¶ 7.

Discussion

I. Section 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code states that "[a] discharge under sections 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge any individual debtor from any debt- … (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." A cause of action for embezzlement requires that a plaintiff establish: (1) the creditor entrusted his property to the debtor; (2) the debtor appropriated the property for a purpose other than that for which it was entrusted; and (3) the circumstances indicate that the debtor acted with fraudulent intent or to deceive. *Sec. Investor Prot. Corp. (In re Nappy)*, 269 B.R. 277, 296-97 (Bankr. E.D.N.Y. 1999).

Several cases in this District have held that a plaintiff must also establish fraudulent intent or intent to defraud to bring a cause of action for embezzlement. *Marashi v. Glaser (In re Marashi)*, No. 17 CV 10122 (VB), 2019 WL 120726, at *2 (S.D.N.Y. Jan. 7, 2019) ("Conversion on its own, absent an intent to defraud, does not constitute embezzlement under this provision."); *Forest Diamonds Inc. v. Aminov Diamonds LLC*, No. 06 CIV. 5982 (GEL), 2010 WL 148615, at *14 (S.D.N.Y. Jan. 14, 2010); *Vidomlanski v. Gabor (In re Gabor)*, No. 05-18719 (ALG), 2009 WL 3233907, at *6 (Bankr. S.D.N.Y. Oct. 8, 2009). Based on the Court's review of these cases, it appears that, though not explicitly stated, courts focus more on fraudulent intent than deceit and courts may determine such fraudulent intent from the facts and circumstances surrounding the

6

act. *See Vill. Mortg. Co. v. Veneziano (In re Veneziano)*, 615 B.R. 666, 678 (Bankr. D. Conn. 2020); *see also Conn. Attys. Title Ins. Co. v. Budnick (In re Budnick)*, 469 B.R. 158, 176 (Bankr. D. Conn. 2012); *see also Marriott Int'l Inc. Emple. Profit Sharing, Sav. & Ret. Plan & Trust v. Suarez (In re Suarez)*, No. 95 CV 5038 (EHN), 1996 WL 480809, at *4 (E.D.N.Y. Aug. 9, 1996); *see also In re Bevilacqua*, 53 B.R. 331, 334 (Bankr. S.D.N.Y. 1985); *see also In re Nappy*, 269 B.R. at 298.

The Court finds grounds for granting summary judgment in favor of Plaintiff concerning section 523(a)(4) based upon the evidence submitted. The facts in the criminal proceeding are the basis for this Adversary Proceeding because Defendant pled guilty to second-degree larceny. Based on Defendant's criminal conviction memorialized in the certificate of disposition indictment, $50,001 of the debt is non-dischargeable under section 523(a)(4) under the doctrine of collateral estoppel. *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65-66 (2d Cir. 2007) (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (N.Y. 1985)); *see Parklex Assocs. V. Deutsch (In re Deutsch)*, 575 B.R. 590, 597 (Bankr. S.D.N.Y. 2017) (citing *In re Shiver*, 396 B.R. 110, 117 (Bankr. S.D.N.Y. 2008)) ("The law is well settled that a state court judgment must be given preclusive effect, at least for collateral estoppel purposes, in a subsequent federal court proceeding if the state in which the judgment was rendered would do so.").

However, Defendant asserted disputed issues of fact for the remainder of the debt owed to Plaintiff. Neither the state court's certificate of disposition indictment nor any of the Plaintiff's other submitted evidence indicated that the amount of the second-degree larceny was $400,000 or any amount other than at least $50,001. In the Resignation Affidavit, the Defendant stated, "I acknowledge that before taking money held in escrow on behalf of the Yeshiva to compensate me for legal fees, I should have rendered timely invoices listing my work, should have notified the

7

client of my intended cause of action and should have obtained authorization from the client." Resignation Affidavit ¶ 14. While Defendant acknowledged his mistakes, the Court does not find that this is sufficient evidence of Plaintiff's intent to defraud for any amount of the debt exceeding $50,001.

Additionally, Defendant asserted that the legal services he provided to the Congregation, Yeshiva Chasdei Torah, and Rabbi Label Katz were ordinary operating purposes of Yeshiva Chasdei Torah. As a result, he claimed he was authorized to pay his fees from the escrow without obtaining his clients' consent. Defendant further asserted that he rendered legal services to his clients that remain unpaid, and thus, he has setoff right against Plaintiff's debt, as Plaintiff stepped into the Congregation's shoes under the Agreement. Both parties provided copies of Defendant's invoices dated from 2014 for legal services rendered from 2010 to 2014. In the Resignation Affidavit, the Defendant stated, "[i]t is my position that the Yeshiva and its principals indisputably owed me hundreds of thousands of dollars in legal fees for legal work that I performed for them from 2010 to 2014 and that I was also entitled to be reimbursed for litigation-related expenses including court filing fees, printing costs, and process serving." Resignation Affidavit ¶ 12. Plaintiff disputed that Defendant performed such unpaid legal services or that Defendant is entitled to compensation for such legal services. Nonetheless, drawing all inferences in the light most favorable to the Defendant, the Court cannot grant summary judgment under section 523(a)(4) in an amount over $50,001 because of the lack of proof regarding the Defendant's intent to defraud and the possible setoff that the Defendant may have concerning the balance of the debt.

8

II.  Section 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code states that "[a] discharge under section 727. . . of this title does not discharge any individual debtor from any debt-. . . (6) for willful and malicious injury by the debtor to another entity or to the property of the entity." To establish this cause of action, the plaintiff must demonstrate that: (1) the debtor acted willfully; (2) the debtor acted maliciously; and (3) the debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property. *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 802-03 (Bankr. E.D.N.Y. 2014). The Supreme Court held that there must be a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

Although the Second Circuit has yet to opine on the issue, courts within this Circuit have largely applied the subjective standard to the willfulness requirement. *See, e.g., Citik Ka Wah Bank Ltd. N.Y. Branch v. Wong (In re Wong),* 291 B.R. 266, 280 (Bankr. S.D.N.Y. 2003) ("An act is willful when the debtor intends to inflict the injury or knew that the injury was substantially certain to result." (internal citations omitted)); *Weiss v. Alicia (In re Alicea),* 230 B.R. 492, 507 (Bankr. S.D.N.Y. 1999) ("'Willful', as used in [section] 523(a)(6), means 'a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury,' and includes conduct that the actor is substantially certain will cause injury." (internal citations omitted)); *Aldus Green Co. v. Mitchell (In re Mitchell),* 227 B.R. 45, 51 (Bankr. S.D.N.Y. 1998) (stating willfulness "includes conduct that the actor is substantially certain will cause injury" (internal citations omitted)). For the debtor to have acted willfully, the uncontroverted facts must demonstrate that the debtor intended to injure the victim or engaged in conduct that was substantially certain to cause injury to the victim. *In re Mitchell*, 227 B.R. at 51 (internal citations omitted).

9

After considering the evidence before the Court in the light most favorable to Defendant, the uncontroverted facts fail to demonstrate that Defendant intended to injure his clients or that the conduct was substantially certain to cause injury to the victim. Thus, except concerning the $50,001 of debt to which collateral estoppel applies, the Court finds that the evidentiary record before it presented by Plaintiff on summary judgment is insufficient to demonstrate willfulness.

In addition to willfulness, the evidence must demonstrate that the Defendant acted maliciously. To establish malice, Plaintiff must prove that the debtor acted wrongfully and "without just cause or excuse, even in the absence of personal hatred, spite or ill will." *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87-88 (2d Cir. 1996). Malice is implied when "anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Id.* at 88.

Defendant acknowledged in his Resignation Affidavit that he made mistakes and did not acquit himself as he should have as counsel to his clients. Defendant also acknowledged that he did not consider what was owed by his clients in legal fees when he paid himself from the escrow, and he did not obtain his clients' consent to make such payments from the escrow. Dep. Tr. of the Def., Ex. F to the Motion, 44:16-25–45:1-4. Defendant disputed whether any client consent was required to pay himself from the escrow and argued that paying himself legal fees constituted normal operating purposes for Yeshiva Chasdei Torah, and thus, no consent was required. Moreover, Defendant asserted that he is owed hundreds of thousands of dollars in unpaid legal fees. When viewed in the light most favorable to Defendant, the evidentiary record is insufficient for this Court to grant summary judgment for the non-dischargeability of the debt under section 523(a)(6).

10

Conclusion

Plaintiff shall submit an order to the Court granting partial summary judgment in favor of Plaintiff for $50,001 under section 523(a)(4) and otherwise denying the Motion. The parties should consult and schedule a pretrial conference with the Court in the next thirty (30) days.

Dated:    New York, New York
         June 7, 2023

/s/ Lisa G. Beckerman

**HON. LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE**