UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: SAMUEL EHRENFELD,

                    Debtor.

CHAPTER 7
BK. CASE NO. 19-10290 (LGB)

---

THE LAWYERS' FUND FOR CLIENT
PROTECTION OF THE STATE OF NEW YORK,

                    Plaintiff,

- against -

SAMUEL EHRENFELD,

                  Defendant.

ADV. PROC. NO. 19-01128

---

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND
DETERMINING DISCHARGEABILITY OF DEBT**

      Upon the motion for summary judgment filed by Plaintiff, The Lawyers' Fund for Client Protection of the State of New York (the "Lawyers' Fund" or "Plaintiff") on December 4, 2019 (the "Motion") [ECF No. 12], the accompanying Statement of Material Facts under Local Bankruptcy Rule 7056-1(b) [ECF No. 13], the affidavit of Michael J. Knight [ECF No. 14] and the Plaintiff's memorandum of law [ECF No. 15], Plaintiff sought summary judgment under sections 523(a)(4) and 523(a)(6) of the United States Bankruptcy Code (the "Bankruptcy Code") determining the non-dischargeability of a $400,000 payment that Plaintiff made to the Talmidei

Page **1** of **2**

Luboml Libviner Congregation (the "Congregation"); and Defendant opposed the motion for summary by filing on January 6, 2020 a memorandum of law and declaration in opposition to the Motion [ECF No. 19 & 20], as well as a Counter-Statement of Material Facts [ECF No. 21], and the Court having also considered Plaintiff's reply filed on January 21, 2020 in further support of the Motion [ECF No. 22]; and the Court having determined in Written Opinion [ECF No. 25] that the legal and factual bases set forth in the Motion establish just cause for the grant of partial summary judgment herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The motion is granted in part and otherwise denied as set forth herein.

2. The Court grants partial summary judgment under Bankruptcy Rule 7056 in favor of Plaintiff insofar as $50,001 of the debt is non-dischargeable, pursuant to section 523(a)(4) under the doctrine of collateral estoppel based upon the evidence submitted from the Defendant's criminal conviction as memorialized in the certificate of disposition.

3. The remainder of the Motion is denied.

Dated: New York, New York
       June 30, 2023

                                                  /s/ Lisa G. Beckerman
                                                  **HON. LISA G. BECKERMAN**
                                                  **UNITED STATES BANKRUPTCY JUDGE**